IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 04-36 Erie |
| ) | |
| PAUL ANDREW BOLE ) | |

**GOVERNMENT'S MOTION FOR SENTENCING DEPARTURE**
**BASED ON DEFENDANT'S SUBSTANTIAL ASSISTANCE TO AUTHORITIES**

AND NOW comes the United States of America, by and through its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said district, and files this motion pursuant to 18 U.S.C. §3553(e) and U.S.S.G. §5K1.1 and avers as follows:

1. Paul Andrew Bole was indicted, along with seven co-defendants in the Maurice Foley drug conspiracy, on August 11, 2004, and was charged with conspiracy to distribute and possess with intent to distribute one hundred kilograms or more of marijuana (21 U.S.C. § 846). On November 22, 2004 Bole changed his plea of not guilty to guilty. Bole is scheduled to be sentenced on November 8, 2005.

2. Prior to his indictment Bole revealed significant information to the Pennsylvania State Police about the Maurice Foley marijuana enterprise. Bole also provided important pieces

of evidence, including sixteen (16) pounds of marijuana which he had received from Foley during the course of the conspiracy.

3. When Bole was then questioned more extensively subsequent to his indictment about the drug trafficking enterprise involving Maurice Foley and his cohorts, Bole provided additional detailed information to the government relative to Foley's illegal activities. Moreover, Bole consistently indicated a willingness to testify had the Foley case proceeded to trial.

4. The government believes that the cooperation of Paul Bole has been substantial for the reasons set forth below:

    a. Prior to his indictment Bole provided important information and evidence which was itself significant and also led the police to other critical pieces of evidence against the Foley group. Bole was one of the few cooperating witnesses who provided a substantial amount of marijuana to the police when first questioned. Bole's information was especially helpful in the prosecution of both Maurice Foley and John Kirkpatrick.

    b. Subsequent to his indictment, Bole provided additional critical details about the Foley marijuana operation when subjected to more in depth questioning. Bole revealed that on numerous occasions he had received multiple pounds of marijuana from Foley and would usually obtain the marijuana at Foley's residence in Saegertown. Bole also indicated that Foley

had a sham business, Excavating Etc., which was used to hide assets and drug activity. Throughout the course of the conspiracy Bole was asked to transport money to the Pittsburgh area to one of Foley's attorneys. Bole also helped Foley process massive amounts of marijuana at the Saegertown residence on multiple occasions.

    c. Bole always maintained a desire and willingness to provide testimony against any of his co-conspirators if that had become necessary. During the course of the investigation of the Foley drug conspiracy it became apparent that Maurice Foley was especially concerned about Bole cooperating with authorities, primarily because Foley knew that Bole possessed a great deal of highly incriminating information.

    5. Throughout Bole's cooperation with law enforcement authorities, he consistently made himself available for interviews and debriefing sessions and the information provided was deemed reliable by law enforcement officers who investigated these matters.

    6. Additionally, Bole received several letters from Maurice Foley admonishing him not to cooperate with authorities in this case. Despite these contacts from Foley, Bole's willingness to assist the government never wavered and his cooperation was instrumental in Foley's guilty plea. Had the Foley case gone to trial, Bole's testimony and the evidence linked to him would have been an important piece of the government's case.

WHEREFORE, the United States respectfully requests that this Honorable Court consider a reduction in any sentence which it may impose pursuant to 18 U.S.C. §3553(e) and U.S.S.G. §5K1.1.

Respectfully submitted,

*Mary Beth Buchanan*
MARY BETH BUCHANAN
United States Attorney
PA ID No. 50254

*Christian A. Trabold*
CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013